B1D (Official Form 1, Exhibit D) (12/09)

**United States Bankruptcy Court**

**Central District of California**

IN RE:                                                                 Case No. **8:10-bk-28386-ES**

**Kipling, Thomas A**                                         Chapter **7**

Debtor(s)

**EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
CREDIT COUNSELING REQUIREMENT**

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Date: **January 13, 2011** _____

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Certificate Number: 02910-CAC-CC-013435015



02910-CAC-CC-013435015

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>December 30, 2010</u>, at <u>2:53</u> o clock <u>PM EST</u>, <u>Tom Kipling</u> received from <u>InCharge Education Foundation, Inc.</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Central District of California</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date:  <u>December 30, 2010</u>          By:     <u>/s/Daniel Phillips</u>

Name:   <u>Daniel Phillips</u>

Title:   <u>Certified Bankruptcy Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

# United States Bankruptcy Court
## Central District of California

IN RE:                                                      Case No. **8:10-bk-28386-ES**

**Kipling, Thomas A**                                       Chapter **7**

Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 6 | $ 368,400.70 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 16,500.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | $ 15,490,287.62 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 0.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 36,128.00 |
| TOTAL | | 20 | $ 368,400.70 | $ 15,506,787.62 | |

© 1993-2010 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**

**Central District of California**

IN RE:                                                                    Case No. **8:10-bk-28386-ES**

Kipling, Thomas A                                                        Chapter **7**

                                    Debtor(s)

### STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☑ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| **TOTAL** | $ |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6A (Official Form 6A) (12/07)

IN RE **Kipling, Thomas A**
Debtor(s)

Case No. **8:10-bk-28386-ES**
(If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **None** | | | | |
| | | TOTAL | 0.00 | |

(Report also on Summary of Schedules)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Central District of California**

IN RE:                                                    Case No. **8:10-bk-28386-ES**

**Kipling, Thomas A**                                     Chapter **7**
_____
                          Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $         0.00 | | |
| B - Personal Property | Yes | 6 | $   378,400.70 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $    16,500.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $         0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | $ 15,090,287.62 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $         0.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $    36,128.00 |
| TOTAL | | 20 | $   378,400.70 | $ 15,106,787.62 | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**

**Central District of California**

IN RE:                                                                     Case No. **8:10-bk-28386-ES**

**Kipling, Thomas A**                                                      Chapter **7**

                          Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☑ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| **TOTAL** | $ |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

© 1993-2010 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

B6A (Official Form 6A) (12/07)  Case 8:10-bk-28386-ES  Doc 11  Filed 01/13/11  Entered 01/13/11 14:33:54  Desc
Main Document  Page 8 of 35

IN RE **Kipling, Thomas A**  Case No. **8:10-bk-28386-ES**

Debtor(s)                                                                                          (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **None** | | | | |
| | | | TOTAL | 0.00 |

(Report also on Summary of Schedules)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Kipling, Thomas A**

Debtor(s)

Case No. **8:10-bk-28386-ES**

(If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Joint Account with Debtor's father Robert Baugh, Merrill Lynch ending in XXX165** | | 0.70 |
| | | **Non-Filing Spouse Checking Account Estimated balance at petition** | | 5,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **Residential Security Deposit with Landlord Nancy Hodgkinson** | | 10,000.00 |
| | | **See Category 35 for Barnes claim.** | | 0.00 |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | **Furniture, Televisions, Appliances, Kitchenware, Linens, bedroom sets, and other miscellaneous household goods. Debtor believes there are no individual items in this category that have an as is garage sale or "Craigs List" value in excess of $525. However, debtor believes the REPLACEMENT value of these household goods, new, would be MUCH higher. This category also includes all personal property of non-filing spouse and includes personal property that was owned by her pre-marriage.** | | 20,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Misc books, CD's, DVD's and non-collector art and family photos. This category also includes all personal property of non-filing spouse and includes personal property that was owned by her pre-marriage.** | | 5,000.00 |
| 6. Wearing apparel. | | **Men's Clothing. This category also includes clothing of non-filing spouse and includes clothing that was owned by her pre-marriage.** | | 2,500.00 |
| 7. Furs and jewelry. | | **Wedding Rings and Watches. Miscellaneous Costume Jewelry. This category includes jewelry which has been placed with pawn shops within the last 6 months. Debtor will provide a more detailed list of items int his category if requested.** | | 15,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Misc Sporting Goods** | | 1,500.00 |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |

© 1983-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont. Case 8:10-bk-28386-ES    Doc 11    Filed 01/13/11    Entered 01/13/11 14:33:54    Desc
Main Document    Page 10 of 35

IN RE **Kipling, Thomas A**
_____
Debtor(s)

Case No. **8:10-bk-28386-ES**
_____
(If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Bel Esprit, LLC** **Listed for disclosure purposes only. 100% of the membership interests in this company are owned by the debtor's non-filing spouse Karla Kipling. This entity was formed in January of 2009. This entity was created as a part of the "Poonshine" label business plan for the purposes of obtaining an importers license in relation to the development and distribution of spirits and merchandise under the "Poonshine" label. The "Poonshine" intellectual property is Karla Kiplings seperate property as it was developed pre-marriage by Karla Kipling. Currently Bel Esprit has no sales, no assets, and no value as the "Poonshine" label has not completed its development. There have been no products developed for import by Bel Esprit to date, and it has never generated any sales. It has never even had a bank account.** | | **100.00** |
| | | **Deep Blue Sea Holdings, LLC** **Listed for disclosure purposes only. 100% of the membership interests in this company are owned by the debtor's non-filing spouse Karla Kipling. This entity was formed in January of 2009. This holding company was formed with the intent to hold the detor's non-filing spouse's trademark "KRRRLA". Karla Kipling developed this trademark before her marriage to the debtor and has not co-mingled the asset with the debtor, this asset is not believed to be community property, as it was developed and created by Karla Kipling prior to her November 2007 marriage to the debtor. Moreover the Intent to Use trademark application for KRRRLA was granted in the name of KTM Merchandising and not currently transferred. Therefore this company currently has no assets, no liabilities. It has no bank accounts and has had no sales in its existance.** | | **100.00** |
| | | **KTM Industries, LLC** **Listed for disclosure purposes only. 100% of the membership interests in this company are owned by the debtor's non-filing spouse Karla Kipling. This entity was formed in January of 2009 for the purposes of anticipated merchandising services related to Karla Kipling's marketing of trademarks and copyrights for her "KRRRLA" label of spirits, clothing and accessories. The "KRRRLA" intellectual property is Carla Kipling"s seperate property as it was developed pre-marriage (debtor and Karla Kipling married in November of 2007). KTM has and has had no sales, as the "KRRRLA" label has not** | | **100.00** |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | completed its development stage and there have been no sales of the spirits or merchandise related to the brand to date. KTM currently has no money in the bank. It does the Intent to Use trademark for "KRRRLA" and all develpment materials including artwork and graphics. However, due to lack of investment capital, it has suspended further work on its product lines and does not expect to have any sales or merchandise lines developed in the near future. | | |
| | | **PS Merchandising, LLC** Listed for disclosure purposes only. 100% of the membership interests in this company are owned by the debtor's non-filing spouse Karla Kipling. This entity was formed in January of 2009 for the purposes of anticipated merchandising services related to Karla Kipling's marketing of trademarks and copyrights for her "Poonshine" label of spirits. The "Poonshine" intellectual property is Carla Kipling"s seperate property as it was developed pre-marriage (debtor and Karla Kipling married in November of 2007). Currently PS Merchandising, LLC has no sales, no assets, and no value as the "Poonshine" spirits label has not completed its development stage and there have been no sales of the spirits or merchandise related to the brand to date. PS Merchandising has borrowed approx. $200,000, all of which it has spent developing the "Poonshine" label. It currently has no money in the bank, and it owns the Intent to Use trademark for "Poonshine" and all develpment materials including artwork and graphics. Currently, PS Merchandising is in negotiations with distillers and a distributor to bottle a line of spirits under the "Poonshine" lable, but to date there is no formal agreement and no product has been sold or manufactured for resale. This LLC was originally formed as K&R Spirits, and subsequently changed its name. | | 100.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Debtor amended 2006 and 2007 Tax Returns, which if accepted for loss carrybacks could result in a refund of up to $10,000 and eliminate all tax liability of approx. $275,000 to the IRS (See Schedule F). | | unknown |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.    Case 8:10-bk-28386-ES    Doc 11    Filed 01/13/11    Entered 01/13/11 14:33:54    Desc

Main Document    Page 12 of 35

IN RE **Kipling, Thomas A**       Case No. **8:10-bk-28386-ES**

Debtor(s)          (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | | **20% interest in Baugh Family California Property Trust.** Debtor was advised by his father that he may own an interest in this entity during 2008-2009 divorce proceedings. However, the debtor has no available information from which to determine what value, if any, this potential asset represents. The debtor has never recieved any information as to what if anything this trust owns, the debtor has never recieved any income from this trust, and the debtor has not recieved any statements indicating who the trustee of the trust is or who the other beneficiaries are. Debtor's father, who is in the best position to know these facts is currently incapacitated after a stroke and the debtor cannot communicate with him to determine a more accurate description of this potential asset. The debtor believes that his father Robert Baugh's estate matters are being handled by:<br><br>  Thomas C. Gores<br>  Perkins Coie LLP<br>  10885 NE 4th Street, Suite 700<br>  Bellevue, WA 98004<br>  425-635-1444 | | unknown |
| | | **20% interest in First & Blanchard Associates**<br> Debtor was advised by his father that he may own an interest in this entity during 2008-2009 divorce proceedings. However, the debtor has no available information from which to determine what value, if any, this potential asset represents. The debtor has never recieved any information as to what if anything this trust owns, the debtor has recieved nominal income from this trust, ($3200 per the 2009 K-1) and the debtor has not recieved any statements indicating who the managing memebers or other owners are. Debtor's father, who is in the best position to know these facts is currently incapacitated after a stroke and the debtor cannot communicate with him to determine a more accurate description of this potential asset. The debtor believes that his father Robert Baugh's estate matters are being handled by:<br><br>  Thomas C. Gores<br>  Perkins Coie LLP<br>  10885 NE 4th Street, Suite 700<br>  Bellevue, WA 98004<br>  425-635-1444 | | unknown |
| | | **26.50% Interest in Baugh Family Trust**<br> Debtor was advised by his father that he may own an interest in this entity during 2008-2009 divorce proceedings. However, the debtor has no available information from which to determine what value, if any, this potential asset represents. The debtor has never recieved any information as to what if anything this trust owns, the debtor has never recieved any income from this trust, and the debtor has not recieved any statements indicating who the trustee of the trust is or who the other beneficiaries are. Debtor's father, who is in the best position to know these facts is currently incapacitated after a stroke and the debtor | | unknown |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE Kipling, Thomas A _____    Case No. **8:10-bk-28386-ES**
                        Debtor(s)                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | cannot communicate with him to determine a more accurate description of this potential asset.  The debtor believes that his father Robert Baugh's estate matters are being handled by:<br><br>Thomas C. Gores<br>Perkins Coie LLP<br>10885 NE 4th Street, Suite 700<br>Bellevue, WA 98004<br>425-635-1444 | | |
| | | **47.50% interest in Baugh Family Limited Partnership** <br>Debtor was advised by his father that he may own an interest in this entity during 2008-2009 divorce proceedings.  However, the debtor has no available information from which to determine what value, if any, this potential asset represents. The debtor has never recieved any information as to what if anything this entity owns, the debtor has never recieved any income from this entity, and the debtor has not recieved any statements indicating who the general partners or other limited partners are.  Debtor's father, who is in the best position to know these facts is currently incapacitated after a stroke and the debtor cannot communicate with him to determine a more accurate description of this potential asset.  The debtor believes that his father Robert Baugh's estate matters are being handled by:<br><br>Thomas C. Gores<br>Perkins Coie LLP<br>10885 NE 4th Street, Suite 700<br>Bellevue, WA 98004<br>425-635-1444 | | unknown |
| | | Debtor was informed years ago by his father Robert Baugh that he might be a beneficiary of certain assets related to the Robert and Laura Baugh Family Trust.  To date, the debtor has been unable to verify whether or not he has any vested, non-contingent rights to any assets related to that trust.  Robert & Laura Baugh are both still living.  The debtor believes that any assets that he might be entitled to as a result of being a contingent beneficiary of this trust are not vested and are contingent because Robert and/or Laura Baugh have the ability to amend or revoke the subject trust at any time. | | 0.00 |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Kipling, Thomas A                                              Case No. 8:10-bk-28386-ES
_____
Debtor(s)                                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2010 Leased MBZ GL550<br>Leased 2008 Porsche | | 0.00<br>0.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Home Office Equip. | | 5,000.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | Breach of Contract Lawsuit against Dr. Thomas Barnes pending in Orange County State Court. Basis for claim is breach of lease terms for residential lease and breach of both written and oral contracts. | | 110,000.00 |
| | | Debtor obtained a default judgment against Wodehouse Builders and its principal Richard Wodehouse on a cross-complaint in the Woodrun Condominium litigation, in relation to unpaid service invoices and/or indemnity claims. The debtor believes that Wodehouse in insolvent however, the debtor has sued a customer of Wodehouse in intervention (Paragon Technology Group) to attempt to collect some portion of his judgment. Paragon has denied liability. | | 128,000.00 |
| | | Lawsuit against Dr. Thomas Barnes for return of security deposit on residential lease. Litigation pending in Orange County Superior Court. Debtor's counsel Benjamin Berger. | | 26,000.00 |
| | | Personal Injury Claim and Lawsuit against Dr. Thomas Barnes for injuries sustained at residence formerly occupied by the debtor and owned by Dr. Barnes. Claims being handled by attorney Benjamin Berger. | | 50,000.00 |

**TOTAL** | **378,400.70**

_____0_____ continuation sheets attached

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (04/10)

IN RE Kipling, Thomas A

Debtor(s)

Case No. **8:10-bk-28386-ES**

(If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)

☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $146,450. *

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Non-Filing Spouse Checking Account Estimated balance at petition** | CCCP § 703.140(b)(5) | 5,000.00 | 5,000.00 |
| Furniture, Televisions, Appliances, Kitchenware, Linens, bedroom sets, and other miscellaneous household goods. Debtor believes there are no individual items in this category that have an as is garage sale or "Craigs List" value in excess of $525. However, debtor believes the REPLACEMENT value of these household goods, new, would be MUCH higher. This category also includes all personal property of non-filing spouse and includes personal property that was owned by her pre-marriage. | CCCP § 703.140(b)(3) | 20,000.00 | 20,000.00 |
| Misc books, CD's, DVD's and non-collector art and family photos. This category also includes all personal property of non-filing spouse and includes personal property that was owned by her pre-marriage. | CCCP § 703.140(b)(3) | 5,000.00 | 5,000.00 |
| Men's Clothing. This category also includes clothing of non-filing spouse and includes clothing that was owned by her pre-marriage. | CCCP § 703.140(b)(3) | 2,500.00 | 2,500.00 |
| Misc Sporting Goods | CCCP § 703.140(b)(3) | 1,500.00 | 1,500.00 |
| PS Merchandising, LLC Listed for disclosure purposes only. 100% of the membership interests in this company are owned by the debtor's non-filing spouse Karla Kipling. This entity was formed in January of 2009 for the purposes of anticipated merchandising services related to Karla Kipling's marketing of trademarks and copyrights for her "Poonshine" label of spirits. The "Poonshine" intellectual property is Carla Kipling"s seperate property as it was developed pre-marriage (debtor and Karla Kipling married in November of 2007). Currently PS Merchandising, LLC has no sales, no assets, and no value as the "Poonshine" spirits label has not completed its development stage and there have been no sales of the spirits or merchandise related to the brand to date. PS Merchandising has borrowed approx. $200,000, all of which it has spent developing the "Poonshine" label. It currently has no money in the bank, and it owns the Intent to Use trademark for | CCCP § 703.140(b)(5) | 100.00 | 100.00 |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2010 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (04/10) - Cont.

IN RE **Kipling, Thomas A**                                                      Case No. **8:10-bk-28386-ES**
_____
                            Debtor(s)                                              (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| "Poonshine" and all develpment materials including artwork and graphics. Currently, PS Merchandising is in negotiations with distillers and a distributor to bottle a line of spirits under the "Poonshine" lable, but to date there is no formal agreement and no product has been sold or manufactured for resale. This LLC was originally formed as K&R Spirits, and subsequently changed its name. | | | |
| Home Office Equip. | CCCP § 703.140(b)(5)<br>CCCP § 703.140(b)(6) | 2,800.00<br>2,200.00 | 5,000.00 |
| Personal Injury Claim and Lawsuit against Dr. Thomas Barnes for injuries sustained at residence formerly occupied by the debtor and owned by Dr. Barnes. Claims being handled by attorney Benjamin Berger. | CCCP § 703.140(b)(11)(D),(E)<br>CCCP § 703.140(b)(5)<br>CCCP § 703.140(b)(5) | 22,075.00<br>13,925.00<br>1,175.00 | 50,000.00 |

© 1983-2010 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

IN RE Kipling, Thomas A                                    Case No. 8:10-bk-28386-ES
_____                   _____
            Debtor(s)                                              (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **Cash 4 Gold/EZ Loans** <br> **15182 Golden West St.** <br> **Westminster, CA  92683** | | | Debt on pawned jewelry.  Contract entered into 8/2010. <br><br><br> VALUE $ **15,000.00** | | | | 11,500.00 | |
| ACCOUNT NO. <br><br> **Newport Watch & Jewelry Co.** <br> **1860 Newport Blvd.** <br> **Costa Mesa, CA  92627** | | | Pawn shop for jewelry.  Contract entered into 9/2/10. <br><br><br> VALUE $ **15,000.00** | | | | 5,000.00 | |
| ACCOUNT NO. <br><br><br> | | | <br><br><br> VALUE $ | | | | | |
| ACCOUNT NO. <br><br><br> | | | <br><br><br> VALUE $ | | | | | |

_____ **0** continuation sheets attached

| | Subtotal (Total of this page) | $ | 16,500.00 | $ |
|---|---|---|---|---|
| | Total (Use only on last page) | $ | 16,500.00 | $ |

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/10)

IN RE Kipling, Thomas A _____    Case No. **8:10-bk-28386-ES** _____
    Debtor(s)    (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ **0** continuation sheets attached

© 1993-2010 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

B6F (Official Form 6F) (12/07)

IN RE **Kipling, Thomas A**                                                                 Case No. **8:10-bk-28386-ES**
_____                        _____
Debtor(s)                                                                                              (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br>**Allen, Wertz, & Feldman, LLP** <br>**215 South Monarch Street Suite 303** <br>**Aspen, CO  81611** | | | Legal fees incurred by debtor for his own attorney's in various litigations pending in Pitkin Colorado. | | | | 5,000.00 |
| ACCOUNT NO. <br><br>**At&T** <br>**P.O. Box 78522** <br>**Phoenix, AZ  85062** | | | Old cell phone bill related to debtor's employment at Wodehouse. | | | | 1,116.65 |
| ACCOUNT NO. <br><br>**Berger & Harrison Attorneys** <br>**2700 West Coast Highway** <br>**Newport Beach, CA  92663** | | | Unpaid Legal Bills.  In addition to fees for legal services, Mr. Berger has a lien for services related to contingency fees on several open matters he is handling on behalf of the debtor including all of the litigation against Dr. Barnes which is listed in Schedule B. | | | | 27,500.00 |
| ACCOUNT NO. <br><br>**Dr. Ali Raftajoo** | | | Medical Bills | | | | 1,300.00 |

  **4** continuation sheets attached

Subtotal
(Total of this page) | $ **34,916.65**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE Kipling, Thomas A

Debtor(s)

Case No. 8:10-bk-28386-ES

(If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Dr. Frank Nastanski<br>999 North Tustin Ave. Suite 116<br>Santa Ana, CA 92705 | | | Medical bills | | | | 1,426.00 |
| ACCOUNT NO.<br><br>Executive Auto Leasing<br>P.O. Box 933009<br>Los Angeles, CA 90093 | | | Lease on Porche co-borrower Karla Kipling. | | | | 0.00 |
| ACCOUNT NO.<br><br>Finton Associates, Inc.<br>C/O Friedman, Stoffe, & Gerard<br>19800 MacArthur Blvd. Suite 1100<br>Irvine, CA 92612 | | | Judgment related to Breach of Settlement Agreement over a Construction Contract Dispute. | | | | 175,000.00 |
| ACCOUNT NO.<br><br>Fletcher, White & Adair<br>28925 Pacific Coast Highway<br>Malibu, CA 90265 | | | Unpaid Legal Bills for litigation concerning the Finton & Associates Litigation. | | | | 8,872.18 |
| ACCOUNT NO.<br><br>Franchise Tax Board<br>Attn Bankruptcy<br>POB 2952<br>Sacramento, CA 95812-2952 | | | Income taxes-2006, 2007. Possible priority for some of 2007. | | | | 58,860.83 |
| ACCOUNT NO.<br><br>Hoag Hospital<br>P.O. Box 8100<br>Newport Beach, CA 92658 | | | Medical Bills | | | | 691.55 |
| ACCOUNT NO.<br><br>Honda Finance<br>3625 West Royal<br>Irving, TX 75063 | | | Returned/Repossessed Honda Risgeline 2006. Repoed 12/07 | | | | 9,137.10 |

Sheet no. ___1___ of ___4___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ 253,987.66

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE Kipling, Thomas A                                           Case No. 8:10-bk-28386-ES
_____
Debtor(s)                                                        (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **Internal Revenue Service POB 21126 Philadelphia, PA 19114** | | | Taxes owed for 2006-2007 tax yeas. Debtor has submitted amendments that may negate this debt entirely. | | | | 273,157.83 |
| ACCOUNT NO. **Karen Pankow C/O Howard Thaler 433 North Camden Dr. Suite 888 Beverly Hills, CA 90210** | | | Divorce property equalization/support obligations currently being litigated in state court. | | | X | 1,197,000.00 |
| ACCOUNT NO. **Gross & Gross Attn: Marvin Gross 11377 W. Olympic Blvd. 5th Floor Los Angeles, CA 90064** | | | Assignee or other notification for: Karen Pankow | | | | |
| ACCOUNT NO. **Newport Beach Fire Department P.O. Box 269110 Sacramento, CA 95826** | | | Medical bills | | | | 1,449.47 |
| ACCOUNT NO. **Newport Center Radiology Assoc. Dept. LA 21705 Pasadena, CA 91185** | | | Medical Bills | | | | 425.19 |
| ACCOUNT NO. **Newport Imaging Center C/O CMRE Financial 3075 East Imperial Highway Brea, CA 92821** | | | Medical Bills | | | | 1,480.31 |
| ACCOUNT NO. **Robert & Laura Baugh C/O Thomas Gores 10885 N.E. 4th Street Suite 700 Bellevue, WA 98004** | | | Loans from debtor's father, including loans made by father's trust over the last 10-15 years. $4,642,403 are evidenced by Promissory Notes between 2001 and 2009. The remaining balance is estimated as debtor was unable to find Promissory Notes from 2000 and earlier although he believes his father (who is currently incapacitated) may have those records. | | | | 11,783,219.00 |

Sheet no. __2__ of __4__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ 13,256,731.80

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE Kipling, Thomas A

Debtor(s)

Case No. **8:10-bk-28386-ES**

(If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Santa Ana Tustin Radiology | | | Medical Bills | | | | 958.43 |
| ACCOUNT NO.<br><br>Thomas Barnes, MD<br>C/O Larry Rothman<br>1 City Blvd. West Suite 850<br>Orange, CA 92868 | | | Attorney for former landlord of the debtor, for notice purposes. | | | | unknown |
| ACCOUNT NO.<br><br>Topa Financial Corp.<br>1800 Avenue Of The Stars Suite 310<br>Los Angeles, CA 90067 | | | Car Loan on 2007 Cadillac Escalade???? | | | | 36,412.00 |
| ACCOUNT NO.<br><br>Verizon<br>POB 9688<br>Mission Hills, CA 91346 | | | Phone bill | | | | 238.65 |
| ACCOUNT NO.<br><br>Vicki Bauer<br>C/O Paul W. Gertz<br>804 Colorado Ave.<br>Glenwood Springs, CO 81601 | | | Pending lawsuit against debtor and non-debtor spouse by mother of non-debtor spouse alleging damages for inducing Bauer to move form Southern California to Colorado. | | | X | unknown |
| ACCOUNT NO.<br><br>Vicki Bauer<br>1204 Elk Lane<br>Basalt, CO 81621 | | | Assignee or other notification for:<br>Vicki Bauer | | | | |
| ACCOUNT NO.<br><br>Western Medical Center<br>Western M.C. Santa Ana Dept. 6743<br>Los Angeles, CA 90084 | | | Medical Bills | | | | 6,310.21 |

Sheet no. ___3___ of ___4___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) | $ | 43,919.29

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) | $ |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE Kipling, Thomas A

Debtor(s)

Case No. **8:10-bk-28386-ES**

(If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Western Medical Center**<br>**C/O Robert Colclough**<br>**7120 Hayvenhurst Ave.**<br>**Van Nuys, CA 91406** | | | **Medical Bills** | | | | **732.22** |
| ACCOUNT NO.<br><br>**Woodrun Place Condominium Association**<br>**C/O Brownstein, Hyatt, Farber & Schreck**<br>**410 17th Street 22nd Floor**<br>**Denver, CO 80202** | | | **Allegations against debtor related to a breach of performance of a construction contract involving Woodrun Place and Wodehouse Builders. The debtor was an independant contractor for Wodehouse Builders and has been sued as a result of his cintractors services to Wodehouse.** | | | X | **1,500,000.00** |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. ___4___ of ___4___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **1,500,732.22**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $ **15,090,287.62**

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6G (Official Form 6G) (12/07)

IN RE Kipling, Thomas A                                               Case No. 8:10-bk-28386-ES
_____                                        _____
                    Debtor(s)                                                    (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Executive Auto Leasing**<br>**P.O. Box 933009**<br>**Los Angeles, CA  90093** | **Porche Lease** |
| **Nancy Hodgkinson**<br>**235 Via Firenzia**<br>**Newport Beach, CA  92663** | **Residential Lease $**<br>**9400 per month** |

© 1993-2010 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

B6H (Official Form 6H) (12/07)

IN RE **Kipling, Thomas A**
_____
Debtor(s)

Case No. **8:10-bk-28386-ES**
_____
(If known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **117 Villa Quito**<br>**Newport Beach, CA  92663** | **(nondebtor spouse)** |

© 1993-2010 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

B6I (Official Form 6I) (12/07)

IN RE Kipling, Thomas A                                                    Case No. 8:10-bk-28386-ES
_____                                   _____
              Debtor(s)                                                              (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Married** | RELATIONSHIP(S): | | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ _____ | $ _____ |
| 2. Estimated monthly overtime | $ _____ | $ _____ |
| **3. SUBTOTAL** | $ 0.00 | $ _____ |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and Social Security | $ _____ | $ _____ |
| b. Insurance | $ _____ | $ _____ |
| c. Union dues | $ _____ | $ _____ |
| d. Other (specify) _____ | $ _____ | $ _____ |
|  | $ _____ | $ _____ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ 0.00 | $ _____ |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ 0.00 | $ _____ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ _____ | $ _____ |
| 8. Income from real property | $ _____ | $ _____ |
| 9. Interest and dividends | $ _____ | $ _____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ _____ | $ _____ |
| 11. Social Security or other government assistance (Specify) _____ | $ _____ | $ _____ |
|  | $ _____ | $ _____ |
| 12. Pension or retirement income | $ _____ | $ _____ |
| 13. Other monthly income (Specify) _____ | $ _____ | $ _____ |
|  | $ _____ | $ _____ |
|  | $ _____ | $ _____ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ _____ | $ _____ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ 0.00 | $ _____ |

| **16. COMBINED AVERAGE MONTHLY INCOME:** (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $ 0.00 |
|---|---|

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
The debtor has been borrowing money from his father for living expenses in 2010 until his father had a stroke in July 2010. Since then he has had no income. Debtor's wife is developing a line of spirits that has not yet produced income. At filing the debtor and spuse are falling behind on rent and car leases and living primarily off the charity of several friends and family. Both the debtor and no-filing spouse are looking for work.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6J (Official Form 6J) (12/07)

IN RE Kipling, Thomas A                                              Case No. 8:10-bk-28386-ES
_____                                 _____
            Debtor(s)                                                        (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 9,400.00 |
|    a. Are real estate taxes included?    Yes ____    No ✓ | | |
|    b. Is property insurance included?    Yes ____    No ✓ | | |
| 2. Utilities: | | |
|    a. Electricity and heating fuel | $ | 500.00 |
|    b. Water and sewer | $ | 100.00 |
|    c. Telephone | $ | 615.00 |
|    d. Other  **Internet** | $ | 150.00 |
| | $ | |
| 3. Home maintenance (repairs and upkeep) | $ | |
| 4. Food | $ | |
| 5. Clothing | $ | |
| 6. Laundry and dry cleaning | $ | |
| 7. Medical and dental expenses | $ | 300.00 |
| 8. Transportation (not including car payments) | $ | |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | |
| 10. Charitable contributions | $ | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | $ | 200.00 |
|    b. Life | $ | |
|    c. Health | $ | 987.00 |
|    d. Auto | $ | 500.00 |
|    e. Other | $ | |
| | $ | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|    (Specify) _____ | $ | |
| | $ | |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | $ | 2,876.00 |
|    b. Other _____ | $ | |
| | $ | |
| 14. Alimony, maintenance, and support paid to others | $ | 15,000.00 |
| 15. Payments for support of additional dependents not living at your home | $ | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | |
| 17. Other  **Accountant** | $ | 500.00 |
|        **Lawyer** | $ | 5,000.00 |
| | $ | |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.

| | |
|---|---:|
| $ | 36,128.00 |

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | | |
|---|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ | 0.00 |
|    b. Average monthly expenses from Line 18 above | $ | 36,128.00 |
|    c. Monthly net income (a. minus b.) | $ | -36,128.00 |

© 1993-2010 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE Kipling, Thomas A

_____
Debtor(s)

Case No. **8:10-bk-28386-ES**

_____
(If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **22** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **January 13, 2011** _____    Signature: _____

Thomas A. Kipling
_____
Debtor

Date: _____    Signature: _____

(Joint Debtor, if any)
**[If joint case, both spouses must sign.]**

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____       _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer       Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
_____
Address

_____       _____
Signature of Bankruptcy Petition Preparer       Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____    Signature: _____

_____
(Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# United States Bankruptcy Court
## Central District of California

IN RE:                                                                    Case No. **8:10-bk-28386-ES**

Kipling, Thomas A                                                         Chapter **7**
_____
Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## 1. Income from employment or operation of business

None ☑ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 2. Income other than from employment or operation of business

None ☐ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 111.00 | 2009 Taxable Interest Income |
| 3,220.00 | 2009 K-1 Income from First & Blanchard Associates |
| 800,000.00 | 2009 Estimated borrowing from father Robert Baugh or his Trust. Listed here for disclosure purposes however all of these transactions were documented with promissory notes, and are LOANS from debtor's father to debtor. |
| 580,000.00 | Funds Borrowed from Robert Baugh or Baugh Trust until Debtor became incapacitated in about July 2010. These funds are LOANS, as disclosed throught these schedules, but listed here for disclosure purposes only and estimated as debtor is unable to get complete records from his father or father's financial advisor at this time. |

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☑ *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Pankow v. Kipling-Baugh Case# BD455977 | Dissolution | LASC Superior | Pending |
| Vicki Bauer v. Kipling et. al. Case# | Breach of Contract-Civil Suit | Pitkin County Colorado District Court | Pending |
| Woodrun Place Condo Association v. Wodehouse Builders, Kipling, et. al. Case# 2009-CV-58 | Breach of Contract.  In this lawsuit the debtor is both a defendant and a cross-complainant against Wodehouse. | Pitkin County Colorado District Court | Pending as to Woodrun's claims against Kipling.  Kipling has already received a judgment against Wodehouse on his cross-complaint as set forth in Scheudle B. |
| Kipling v. Paragon Technology, LLC Case# 2010-CV-233 | Intervenor to collect judgment in favor of debtor | Pitkin County Colorado District Court | Pending |
| Finton Associates, Inc. v. Kipling Case# BC364251 | Construction Collection | LA Superior | Settled in 2008.  Debtor breached settlement agreement and judgment recently entered agasnst Debtor. |
| Barnes v. Kipling Case# 30-2010-00357074 | Eviction | OC Superior | |
| Kipling adv. Barnes | Personal Injury | OC Superior 30-2010-00374021 | Pending  Debtor represented by Ben Berger |
| Kipling v. Barnes | Breach of contract-return of lease deposit | OC Superior 30-2010-00388036 | Pending  Debtor represented by Ben Berger |
| Kipling v. Chambers Case# 30-2009-00329264 | Action to recover personal property. | OC Superior | Settled 9/2010 |
| Kipling v Barnes | Breach of Contract Residential lease not including deposit | OCSC  #30-2010-00372000 | Pending, Debtor represented by Ben Berger |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None ☐ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Honda Finance** | **2008** | **Honda Ridgeline Pick-Up Trusk Repossessed** |

## 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Curd, Galindo & Smith** **301 East Ocean Blvd.** **Long Beach, CA  90802** | **12/24/10** | **5,000.00** |

## 10. Other transfers

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

## 11. Closed financial accounts

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2010 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☐ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 4 Cruisers Bluff<br>Newport Coast, CA 92625 | | |
| 618 Iris Ave<br>Corona Del Mar, CA 92625 | | |
| 1430 Sierra Vista Dr.<br>Aspen, CO 86103 | | |

**16. Spouses and Former Spouses**

None ☐ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
Pankow

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**18. Nature, location and name of business**

None [✓] a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

None [✓] b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

© 1993-2010 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

**19. Books, records and financial statements**

None [ ] a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Michael Allmon | |
| 1230 Rosecrans Ave. #102 | |
| Manhatten Beach, CA 90266 | |

None [✓] b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None [✓] c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None [✓] d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of the case by the debtor.

**20. Inventories**

None [✓] a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None [✓] b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**21. Current Partners, Officers, Directors and Shareholders**

None [✓] a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None [✓] b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

**22. Former partners, officers, directors and shareholders**

None [✓] a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately
☑  preceding the commencement of this case.

---

### 23. Withdrawals from a partnership or distributions by a corporation

None  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form,
☑  bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this
case.

---

### 24. Tax Consolidation Group

None  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax
☑  purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

---

### 25. Pension Funds.

None  If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer,
☑  has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

---

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments
thereto and that they are true and correct.

Date: **January 13, 2011**          Signature
                                     of Debtor                                          **Thomas A. Kipling**

Date: _____          Signature
                                     of Joint Debtor
                                     (if any)

_____ **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B8 (Official Form 8) (12/08)

## United States Bankruptcy Court
## Central District of California

IN RE:                                                                                    Case No. <u>8:10-bk-28386-ES</u>

<u>Kipling, Thomas A</u>                                                                          Chapter <u>7</u>

Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered  ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☐ Not claimed as exempt

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered  ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☐ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: _____ <u>January 13, 2011</u>                    _____
                                                      Signature of Debtor

                                                      _____
                                                      Signature of Joint Debtor

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only